UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 4:13CR194 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| ANTONIO PAUL TUCKER, | ) |
| Defendant. | ) MEMORANDUM OPINION AND ORDER |

This matter comes before the Court upon Defendant, Antonio Paul Tucker's "Motion in Regards of the 2 Point Reduction" pursuant to 18 U.S.C. § 3852(c)(2) for modification of sentence based on Amendment 782 and U.S.S.G. § 1B1.10. (ECF #44). Defendant originally entered a guilty plea to the indictment filed in this case, which charged him with distribution of a controlled substance, in violation of 21 U.S.C.§§ 841(a)(1), (b)(1)(C) (Counts One, Four and Five); willful engagement in firearms business without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), (a)(1)(D) (Count Two); receipt, possession, concealment, storing, bartering, selling, or disposing of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Three); and, possession of a firearm with altered or obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1) (Count Six). Based on Defendant's Presentence Report and U.S.S.G. section 2K2.1, this Court assigned Defendant a total adjusted offense level of 21 and a Criminal History Category of V. Accordingly, Defendant was sentenced on January 10, 2014 to a term of 70 months for his underlying conviction, as to Counts One and Three, concurrent with a 60 month sentence as to Counts Two, Four, Five and Six.

In the case of a criminal defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment upon motion of the defendant. § 3582(c)(2). Section 1B1.10 of the U.S.S.G. defines the circumstances under which sentences based on Amendment 782 (among others), for drug convictions governed by section 2D1.1, may be retroactively reduced in accordance with the statute. Section 1B1.10 requires that any reduction in sentencing be consistent with applicable policy statements issued by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010). A reduction in defendant's term of imprisonment is inconsistent with policy under 1B1.10(a)(2)(B), and therefore unauthorized, when an amendment does not have the effect of lowering the defendant's applicable guideline range.

Defendant argues that, had Amendment 782 been in place at the time of his January 2014 sentencing, his total offense level and resulting guideline range would have been reduced, as required for eligibility under section 3582(c)(2). However, Defendant's sentencing range was based on U.S.S.G. section 2K2.1, which (unlike section 2D1.1) remains unaffected by the recent guideline amendment. For this reason, Defendant's primary offense level remains identical to this Court's initial calculation. Courts in the Sixth Circuit have denied motions for reduction of sentences under similar circumstances. *See e.g., United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009); *United States v. Riley*, 726 F.3d 756 (6th Cir. 2013).  For the foregoing reasons, no reduction is warranted and Defendant's Motion, (ECF #44), is hereby, DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 8, 2015