UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.     4:13 CR 194 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ANTONIO TUCKER, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Antonio Tucker's Motion to Vacate Under 28 U.S.C. § 2255. (ECF # 47).  The government filed a Response to the motion. (ECF # 50).  Mr. Tucker did not file a timely Reply.  Mr. Tucker claims that he is entitled to a new sentencing hearing based on *Johnson v. United States*, 35 S. Ct. 2551, 2563 (2015).  *Johnson* invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), The "residual clause" defined one way a defendant's prior convictions could have qualified as "crimes of violence," which led to enhanced penalties for the defendant's current conviction.  This is the only grounds upon which he claims an entitlement to relief.

Mr. Tucker's  sentence was not enhanced for any prior convictions of "crimes of violence" under the residual clause or otherwise.  His base offense, and resulting guideline calculation not increased because he was considered an armed career criminal under the ACCA, or because of any prior crimes of violence under the ACCA or the Sentencing Guidelines.  The increases to his base offense level were connected solely to the circumstances of the crime

committed in this case and his sentence was affected, or in any way implicated, by the *Johnson* decision or its progeny. *See, e.g., United States v. Blackwell*, 2016 WL 1733300, *2 (May 2, 2016). Mr. Tucker was properly sentenced under the applicable statutes and sentencing guidelines and there is no basis for vacating or re-visiting his sentence.

       /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  August 12, 2016